CRIMINAL LAW: UNIFORM TRAFFIC TICKET: Issuance for violation not committed or attempted in presence of officer. Superceding Op. Atty. Gen. 494a-1, March 14, 1967. Minn. Stat. §§ 169.91, 169.92, 169.99, 629.34.

494a-1

April 15, 1993

Laurel M. Hersey
Minnetonka City Attorney
14600 Minnetonka Boulevard
Minnetonka, MN 55345-1597

Dear Ms. Hersey:

In your letter to Attorney General Hubert H. Humphrey III, you present substantially the following:

## FACTS

An accident occurred as a result of an individual's failure to maintain vehicle control contrary to Minn. Stat. § 169.14 which is a misdemeanor. Although the officer did not personally observe the violation, he subsequently acquired information sufficient to establish probable cause and shortly thereafter issued a citation to the driver of the vehicle.

You ask the following:

## QUESTION

Is is lawful for an officer to issue a traffic citation together with a notice to appear for a misdemeanor traffic violation not occurring in the officers' presence?

## OPINION

As qualified below, we answer your question in the affirmative.

Minn. Stat. § 629.34, subd. 1(c)(1) (1992) provides:

A peace officer, constable, or part-time peace officer who is authorized under paragraphs (a) or (b) to make an arrest without a warrant may do so under the following circumstances:
          (1)     when a public offense has been committed or attempted in the officer's or constable's presence.

(Emphasis added.)

Once a lawful warrantless misdemeanor arrest has been made, a citation may be issued in lieu of custodial arrest. Minn. R. Crim. P. 6.01, subd. 1(1)(a) provides:

> Law enforcement officers acting without a warrant, who have decided to proceed with prosecution, shall issue citations to persons subject to lawful arrest for misdemeanors, unless it reasonably appears to the officer that arrest or detention is necessary to prevent bodily harm to the accused or another or further criminal conduct, or that there is a substantial likelihood that the accused will fail to respond to a citation. The citation may be issued in lieu of an arrest, or if an arrest has been made, in lieu of continued detention.

(Emphasis added.)

The rule is silent as to whether citations may also be issued to individuals not subject to a warrantless arrest because the misdemeanor occurred outside of the officers' presence. Specifically, the rule does not address whether it is proper for an officer to issue a citation to a person suspected of committing a misdemeanor who has not been arrested. Rather, Rule 6 governs pre-trial release, incorporating the opinion that a person should not be taken into custody for an offense for which the person could not be incarcerated even if found guilty. Comment to Minn. R. Crim. P. 6. Thus, the rule does not require that an arrest precede or be a condition precedent to the issuance of a citation. The rule only addresses the procedures to be followed when a warrantless arrest has been made for a misdemeanor violation.

Similarly, Minn. Stat. § 169.91 (1992) only addresses the procedures to be followed when a person is arrested for violation of Minnesota's Motor Vehicle Code. The statute does not preclude the issuance of a citation for a misdemeanor traffic offense, when the person is not subject to arrest because the offense occurred outside the officer's presence.

On the other hand, Minn. Stat. § 169.99, subd. 1(a) (1992) provides for the issuance of a citation for any violation of Minn. Stat. ch. 169 or an ordinance in conformity thereto. It does not require that the suspect be arrested as a pre-condition to issuing a citation.

Indeed, many violations of chapter 169 are petty misdemeanor offenses. Ordinarily, the commission of a petty misdemeanor does not justify a custodial arrest. See, e.g., State v. Martin, 253 N.W.2d 404 (Minn. 1977); Minn. R. Crim. P. 6.01, subd. 1(1)(a). Minn. Stat. § 169.99 further provides that the citation shall "have the effect of a summons and complaint." By having the effect of a summons and complaint, the uniform traffic ticket may be used as a substitute for a formal complaint in traffic matters. See Comment to Minn. R. Crim P. 6. Minn. Stat. § 169.99 does not, however, condition the use or effect of the citation upon the occurrence of an arrest.

We have opined on this issue before and concluded that "a defendant cannot be legally brought into court and charged under the uniform traffic ticket for an offense not committed in the presence of the arresting officer." Op. Atty. Gen. 494a-1, March 14, 1967. In that opinion we relied in part on Minn. Stat. § 169.91, subd. 3 (1965) which we felt provided for the issuance of tickets "in lieu of an arrest." We then interpreted Minn. Stat. § 169.91, together with the misdemeanor presence requirement contained in Minn. Stat. § 629.34 (1965), as limiting the use of citations to cases where immediate arrest is employed or available. Upon revisiting that opinion, we no longer believe that it adequately distinguishes the procedures to be followed upon arrest from those procedures available for charging a suspect with a misdemeanor offense. Furthermore, subsequent statutory and decisional law have further defined the function of the uniform traffic ticket in ways which further negate any implied nexus between issuance of citations and the need for actual custodial arrest.

In 1988, Minn. Stat. §§ 169.91 and 169.92 were amended so that a person is not required to sign a promise to appear to secure release without being taken into custody and immediately taken before a judge. Minn. Stat. § 169.99 was also amended in 1988 to remove the requirement that a driver's signature of the ticket act as "a receipt in lieu of

bail." Thus, a signature is no longer required to secure release and a driver receiving a traffic citation need not be placed under custodial arrest.

Furthermore, since our 1967 opinion, The Minnesota Supreme Court has indicated that the "in-presence" limitation of Minn. Stat. § 629.34 does not apply to police investigatory conduct short of an arrest. State v. Studdard, 352 N.W.2d 413, 415 (Minn. 1984). Thus, it does not appear that a consistent reading of Minn. Stat. §§ 169.91 and 629.34 requires the issuance of tickets only in cases where an arrest is authorized.

Our 1967 opinion was also based upon Minn. Stat. § 629.42 (1965).[1] We concluded that for a misdemeanor traffic offense committed outside an officer's presence "the best procedure in order to effect proper jurisdiction is by complaint and warrant in accordance with Minn. Stat. (1965) § 629.42." However, Minn. Stat. § 629.42 (1965) has been superseded by the Rules of Criminal Procedure. See, e.g., State v. Florence, 239 N.W.2d 892 (Minn. 1976); Minn. Stat. § 480.059, subd. 7 (1992). In matters of procedure rather than substance, the Rules of Criminal Procedure take precedence over statutes to the extent that there is any inconsistency. State v. Keith, 325 N.W.2d 641 (Minn. 1982).

Rule 6.01 expressly recognizes the use of uniform traffic tickets. Furthermore, Rules 4.02 and 10.01 now expressly provide for a tab charge as a method to initiate a criminal proceeding. Rule 5.01 also recognizes service of a citation as a separate

---

1. Minn. Stat. § 629.42 (1965) provided:

   Upon complaint made to any such magistrate that a criminal offense has been committed, he shall examine, on oath, the complainant and any witnesses who shall appear before him, reduce the complaint to writing, and cause it to be subscribed by the complainant; and, if it shall appear that such offense has been committed, he shall issue a warrant, reciting the substance of the complaint, and requiring the officer to whom it is directed to forthwith bring the accused before him, or some other court or magistrate of the county, to be dealt with according to law, and in such warrant require him to summon the witnesses therein named to appear and give evidence on the examination.

mechanism, apart from arrest and service of a formal summons, to require appearance of a misdemeanor defendant. "The ticket or tab charge is the functional equivalent of a complaint." Friedman v. Commissioner of Public Safety, 473 N.W.2d 828, 833 n.5 (Minn. 1991). In such cases, a formal complaint would be filed if the judge orders one or if the person charged requests one. Minn. R. Crim. P. 4.02, subd. 5(3). Because the rules expressly recognize charging methods other than a complaint sworn to before a magistrate, our conclusion today is that our prior opinion is no longer controlling.

We, therefore, conclude that an officer may, upon probable cause, issue a uniform traffic ticket for a misdemeanor traffic violation not occurring in the officers' presence where the officer does not subject the person charged to an arrest. Op. Atty. Gen. 494a-1, March 14, 1967, is superseded to the extent inconsistent with this conclusion.

Very truly yours,

HUBERT H. HUMPHREY III
Attorney General


JEFFREY S. BILCIK
Special Assistant
Attorney General

bilc.ht6